WEST MICHIGAN FURNITURE CO. et al. v. PERKINS GLUE CO. (Circuit Court of Appeals, Sixth Circuit. October 4, 1921.) No. 3544. Appeal from the District Court of the United States for the Southern Division of the Western District of Michigan; Sessions, Judge. John B. Macauley and Edward Rector, both of Chicago, Ill., and Travis, Merrick, Warner & Johnson, of Grand Rapids. Mich., for appellants. Knappen. Uhl & Bryant, of Grand Rapids, Mich., and Wm. Houston Kenyon and Gorham Crosby, both of New York City, for appellee.

PER CURIAM. Dismissed, pursuant to stipulation of counsel.

---

In re EMPIRE GROCERY CO. (District Court, D. Massachusetts. October 4, 1921.) On petitions to reclaim. Order of referee, denying said petitions. Order of referee affirmed in 277 Fed. 73. Eaton & McKnight, of Boston, Mass. (Robert G. Wilson, Jr., of Boston, Mass., of counsel), for claimants. Albert A. Ginzberg, of Boston, Mass.. for alleged bankrupt.

OLMSTEAD, Referee. These were four petitions to reclaim certain goods sold to the debtor company in the spring of 1921. They are brought by the same counsel. and containing substantially the same allegations may be considered together. On May 3, 1921, an involuntary petition was filed against the debtor, and on May 4, 1921, a composition offer before adjudication was made. The claims were submitted on a record taken under section 21a. I find as a fact that while the company was somewhat embarrassed for want of funds, it continued to do business in the regular course down to the time of the filing of the involuntary petition against it; that its officers did not know of its insolvent condition, and that there was no intent on its part to withhold payments for any of the goods purchased; and that it did not purchase them without any reasonable hope or expectation of meeting payment. I further find that there was no fraudulent act on its part. There exists in the minds of some attorneys an erroneous impression that the purchase of goods on the eve of bankruptcy is necessarily fraudulent. The cases, however, hold that purchases made even when the debtor knows of his insolvency, are not necessarily voidable. The facts in the case of In re Berg (D. C. Mass.) 183 Fed. 885, 25 Am. Bankr. Rep. 170, 175, were much stronger in favor of reclamation than those in the issues presented, and yet reclamation was denied. I am of the opinion that reclamation issues are becoming increasingly frequent, especially in composition cases, and are not to be favored. In re Berg, supra; In re O'Callaghan (D. C. Mass.) 199 Fed. 662, 30 Am. Bankr. Rep. 97, 104. Perhaps the principle of law governing such sales is nowhere better stated than by the Supreme Judicial Court of Massachusetts in the case of Watson v. Silsby, 166 Mass. 58, 43 N. E. 1117. I accordingly entered decrees on the 4th day of October, 1921, denying said four petitions.